# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

**MEMO ENDORSED**

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

June 9, 2021

*[Handwritten endorsement:] June 10, 2021 Def's request to inspect records is granted; def's request for a protective order is dismissed w/o prejudice because it is unclear when the Court will receive the proposed protective order. So ordered. Sidney H. Stein, U.S.D.J.*

By ECF
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **United States v. Reality Lucas**
    **21 Cr. 382 (SHS)**

Dear Judge Stein,

    We write to respectfully request (1) authorization to inspect records relating to the composition of the grand jury that issued the indictment in this case and to request (2) a stay of any deadline and a motions schedule for Mr. Lucas to challenge his indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). The Government, by Assistant United States Attorney Camille Fletcher, has no objection to these requests.

    Mr. Lucas was indicted on June 3, 2021 and charged with one count of possession ammunition after previously being convicted of a felony. Dkt. No. 7.

Request to inspect records

    28 U.S.C. § 1867(f) states that "the parties shall … be allowed to inspect, reproduce, and copy … records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion under subsection (a)." See also Test v. United States, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring 'grand and petit juries selected at random from a fair cross section on the community'"), quoting 28 U.S.C. § 1861. In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise nonpublic jury selection records, a litigant needs only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). That is, at this stage, Mr. Lucas need not make any showing with respect to the probability of success of such a motion. See, e.g., United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996); see also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported). Simply explaining, as I do here, that the records are necessary to prepare a motion to dismiss the indictment is a sufficient basis to authorize the records' production. See 28 U.S.C. §1867(f).

1

My colleagues at the Federal Defenders of New York have received a production in United States v. Li, 20 Cr. 568 (AT), which I believe contains data the same data that applies to the Manhattan grand jury employed in the instant case. Those records are subject to a protective order and therefore, we require the Court's authority to use them in connection with the contemplation and preparation of a motion challenging the composition of the grand jury in this case. The parties will jointly propose a protective order to govern the use of the records. Other courts have granted similar requests. See, e.g., United States v. Peregrina, 20 Cr. 684 (LAK), Dkt. Nos. 6-7; United States v. Neilly, 21 Cr. 94 (VEC), Dkt. No. 11; United States v. Middlebrooks, 21 Cr. 89 (RMB), Dkt. No. 8; United States v. Suquilanda, 21 Cr. 263 (VM), Dkt. No 11.

If the Court grants this request, I can review the records already provided to the Federal Defenders. Neither the government nor the Jury Administrator will not need to reproduce the records.

Request to stay any deadline and for a motions schedule

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." 28 U.S.C. § 1867(a). We are seeking a stay of any deadline to challenge the indictment under 28 U.S.C. § 1867(a), so that we may review the records described above in connection with this case, evaluate the parallel litigation that is pending in numerous cases across the District, and to file the motion. Specifically, we request permission to file a motion seven days after the protective ordered is endorsed. We further request that the government be given 30 days to respond and the defense be given 14 days to reply. As noted above, the Government has no objection to this request.

Thank you for your consideration.

Respectfully submitted,

/s/
Sylvie Levine
Assistant Federal Defender